UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>[14] CHRISTIAN RODRIGUEZ-IRIZARRY,<br><br>  Defendant. | Criminal No. 3:14-CR-00284-14 (JAF) |

**OPINION AND ORDER**

Defendant Christian Rodríguez-Irizarry seeks to suppress the evidence seized during his arrests on February 5, 2013 and March 7, 2013. Defendant argues that the arrests, and thereby the searches, were illegal since they lacked probable cause and were conducted without a warrant. The government argues that Defendant lacks standing to challenge the searches and seizures, that no evidentiary hearing is necessary to determine the issue, and that the evidence was properly seized.

On February 5, 2013, police officers went to Res. Manuel Hernandez Rosa (El Candelaria), a public housing project in Mayaguez, Puerto Rico, to carry out an arrest of a third party, Victor Valentin-Mantilla. Upon arriving at the housing project, the officers observed Defendant with Valentin-Mantilla and others gathered on the basketball court. When the officers approached, the group scattered and Defendant and Valentin-Mantilla ran into one of the buildings and up the staircase. Officers located Defendant and Valentin-Mantilla at the top of the staircase and confiscated a plastic bottle on the floor

by Defendant. Defendant was arrested. The bottle was later found to contain controlled substances.

On March 7, 2013, Defendant was again arrested at a public housing project, El Carmen Public Housing Project in Mayaguez, Puerto Rico. Police officers arrived at the housing project to investigate a target of a narcotics investigation. The officers proceeded on foot and discovered Defendant at the top of a staircase in one of the buildings. Defendant stood up, dropped a bag on the floor, and walked away. The bag was later found to contain controlled substances. The government states that Defendant became aggressive with the officer who found him and was then arrested. Defendant states that he was calm and posed no threat to the officer and that the officer needlessly attacked him prior to his arrest.

I.  Standing

It is well settled that the Fourth Amendment primarily protects legitimate privacy expectations. *E.g., Rakas v. Illinois*, 439 U.S. 128, 140-50, 99 S.Ct. 421, 428-34 (1978). Before challenging the legality of a search and seizure, a criminal defendant must show that he had a reasonable expectation of privacy in the area searched and in relation to the items seized. *United States v. Salvucci*, 448 U.S. 83, 90-92 (1980).

The First Circuit has identified factors which are pertinent to this threshold inquiry: ownership, possession, and/or control; historical use of the property searched or the thing seized; ability to regulate access; the totality of the surrounding circumstances; the existence or nonexistence of a subjective anticipation of privacy; and the objective reasonableness of such an expectancy under the facts of a given case. *United States v.*

*Aguirre*, 839 F.2d 854, 857 (1st Cir. 1988). The court looks to whether or not the individual thought of the place (or the article) as a private one, and treated it as such. Then the court looks to whether or not the individual's expectation of confidentiality was justifiable under the attendant circumstances. Whatever facts may shed light upon either step of this two-tier inquiry may be balanced. *Aguirre*, 839 F.2d at 857.

The controlled substances seized on February 5, 2013, were collected in the area of the arrest, but not directly from the person of Defendant. The location of the arrest was the stairway of a public housing development. Defendant has not argued that he was arrested in his home or in any area where he would have an expectation of privacy.

The March 7, 2013 search and seizure also occurred in a common stair area of public housing. Defendant again fails to argue that he had an expectation of privacy with respect to the items seized or place searched. Defendant's motion to suppress contains very little information or argument relating to the search and seizures. Defendant's recitation of the facts is generalized and does not contradict the facts as set forth by the government. Defendant does not claim ownership of the bag. In fact, Defendant fails to even mention the bag in his motion.

The burden of persuasion is unquestionably upon the Defendant. *United States v. Gómez*, 770 F.2d 251, 253 (1st Cir. 1985). Because Defendant has failed to establish any privacy interest in the place or items searched, he has failed to meet his burden of establishing standing.

Accordingly, Defendant's motion to suppress is DENIED WITHOUT PREJUDICE for lack of standing.

II. Items Seized and Statements Made During a Warrantless Arrest

Defendant was arrested on both occasions without an arrest warrant. He claims that his arrests were illegal and that the evidence seized from the arrests must be suppressed. "A warrantless arrest is constitutionally valid if at the moment the arrest was made, the officers had probable cause to make it—whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [arrestee] had committed or was committing an offense. *United States v. Ayres*, 725 F.2d 806, 809-10 (1st Cir. 1984) (internal quotation marks omitted)(citation omitted). "Whether there is probable cause for a warrantless arrest is determined under an objective standard, not by inquiry into the officers presumed motives. *Id.* "To sustain a warrantless arrest, the Government is not required to show that the arresting officer had 'the quantum of proof necessary to convict.'" *Id.* (quoting *United States v. Miller*, 589 F.2d 1117, 1128 (1st Cir. 1978), cert. denied, 440 U.S. 958).

Here, on both occasions, Defendant was arrested after agents drove into a public housing area to investigate criminal activity, witnessed Defendant and a group of individuals quickly disperse after seeing the vehicles, and found him hiding out in common stair areas of the public housing. On the first occasion, officers saw a plastic bottle with suspicious contents on the floor next to Defendant. On the second occasion, Defendant dropped a bag he had been holding and attempted to walk away from it. Defendant argues that, at least during his second arrest, he was calm and posed no threat to the security of the agents when they discovered him in the stairway.

Under the totality of the circumstances, the court finds that the officers had probable cause to arrest Defendant on both occasions based on the events they had witnessed.

The question then becomes whether the evidence seized during Defendant's two arrests was obtained legally. On the face of the facts presented to the Court at this junction of the proceedings, it appears that both the plain view and search incident to arrest exception would apply to the seizure of the plastic bottle. Similarly, the confiscation of the bag would appear to be permissible under the search incident to arrest or inventory exception. However, neither party addressed the analysis required to determine whether or which exception applies.

Accordingly, the court DENIES WITHOUT PREJUDICE Defendant's motion to suppress. Defendant may object to the introduction of the evidence during trial provided his objection is well-documented and supported.

### III. Evidentiary Hearing

"The test for granting an evidentiary hearing in a criminal case [is] substantive: did the defendant make a sufficient threshold showing that material facts were in doubt or dispute?" *United States v. Vilches–Navarrete*, 523 F.3d 1, 15 (1st Cir. 2008) (quotation marks and citation omitted) (concluding that district court did not abuse its discretion by failing to hold evidentiary hearing on a motion to suppress). The need for an evidentiary hearing is within the discretion of the district court. *United States v. Staula*, 80 F.3d 596, 603 (1st Cir. 1996).

To obtain an evidentiary hearing on a motion to suppress physical evidence, a defendant must make a sufficient showing that the seized evidence "was the product of a warrantless search that does not fall within any exception to the warrant requirement. The burden is on the defendant to allege facts, sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented." *United States v. Calderon*, 77 F.3d 6, 9 (1st Cir. 1996) (internal quotation marks and citation omitted).

Here, Defendant has failed to set forth specific, detailed and nonconjectural facts that would enable the court to address the claims presented. Accordingly, no hearing on the motion to suppress is warranted. Defendant's request for an evidentiary hearing is DENIED.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 18th day of August, 2014.

                                                                  S/José Antonio Fusté
                                                                   JOSE ANTONIO FUSTE
                                                                   U. S. DISTRICT JUDGE